UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION ACTION NO. 08-11-DLB

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.          **SENTENCING MEMORANDUM FOR DEFENDANT, RONDA NIXON**

RONDA NIXON                                                                                            DEFENDANT

*********************

Comes now the Defendant, Ronda Nixon, for her Sentencing Memorandum in the above action. In support thereof, the Defendant states the following:

1. The Defendant, Ronda Nixon, was indicted in the above action on July 10, 2008.

2. On January 8, 2009, the original indictment was superseded to include Seventeen (17) Counts.

3. This case was tried before a jury on February 12, 2009 and the Defendant was convicted of all Counts in the Indictment.

   A.   Counts 1-11          Wire Fraud

   B,   Counts 12 & 13       Bank Fraud

   C.   Counts 14-16         Aggravated Identity Theft

   D.   Count  17            Use of an Unauthorized Access Device

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

## SPECIFIC OFFENSE CHARACTERISTIC

4. The Defendant objects to Paragraph 59 of the Presentence Report. The Probation Officer stated that the loss was $79,640.70 and pursuant to U.S.S.G § 2B1.1(b)(1)(E) that lead to a eight (8) level increase. The Defendant states that the loss amount shall be construed as the amount

that proven by the United States's Indictment. The Government proved in its case in chief that Counts 1-11 lead to a loss of $3700.00. Further, Counts 12-16 of Indictment deal with two transactions that of $10,000 and $9500. The total loss of these transactions of all the indicted is $23,200 which would fall into U.S.S.G. § 2B1.1(b)(1)(C) which would lead to a four (4) point increase in the Offense Level.

## ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

5.      The Presentence Investigation Report states that there should be a two (2) level increase for the Obstruction of Justice Characteristic. The Defendant feels that the application of this increase is improper. As stated in the Section 2 of the Notes of U.S.S.G. § 3C1.1, *"This provision is not intended to punish a Defendant for the exercise of a constitutional right. A Defendant's denial of guilt, refusal to admit guilt or provide information to a probation officer, or refusal to enter a guilty plea is not an application of this provision. In applying this provision in respect to alleged false testimony or statements by the Defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake or faulty memory and, thus, not all inaccurate testimony and statements necessarily reflect a willful attempt to obstruct justice"* (emphasis added)

The Defendant clearly did not obstruct justice. The Defendant did in fact exercise her constitutional right to trial. She cooperated with the investigation and was truthful in all aspects of the case. Thus, the Defendant should not be subject to the two (2) level increase for the alleged Obstruction of Justice.

## DEFENDANT'S ANALYSIS OF THE PROPER SENTENCING GUIDELINES
## CRIMINAL HISTORY

6.      It is clear and evident that the Defendant has no Criminal History and falls into the

Criminal History Category I. This case is the Defendant's first step into the criminal realm.

## OFFENSE LEVEL CALCULATION

### COUNTS 14-16, AGGRAVATED IDENTITY THEFT

7.      The Defendant begins the analysis of the Sentencing Calculation with the 18 U.S.C. § 1028A(a)(1) which is found in U.S.S.G § 2B1.6(a). The Defendant was convicted of Counts 14-16, Aggravated Identity Theft, which shall be a mandatory minimum sentence of two (2) years and all other sentences shall run consecutive to this sentence.

Pursuant to U.S.S.G § 2B1.6(a), the Commentary clearly states in Section 1(b), these Counts 14-16 of the Indictment can run together for a total of two (2) years . These three counts shall run together pursuant to U.S.S.G. § 5G1.2 and shall be a total of two years. The convictions are all similar acts and are related to a general set of actions.

### COUNTS 1-13 AND COUNT 17, WIRE FRAUD, BANK FRAUD, & USE OF AN UNAUTHORIZED ACCESS DEVICE

8.      Pursuant to the Objections stated earlier, the Defendant states the sentence calculation shall be done as following:

| | | |
|---|---|---|
| A. | BASE OFFENSE LEVEL (U.S.S.G § 2B1.1(A)(1) | 7 |
| B. | SPECIFIC OFFENSE CHARACTERISTIC (U.S.S.G§ 2B1.1(B)(1) | 4 |
| C. | ADJUSTMENT FOR ROLE | <u>2</u> |

TOTAL OFFENSE LEVEL                                                        13

With the Total Offense Level, the Defendant has a Level 13 with a Criminal History of 1. Seeing so the guideline range falls withing the range of 12-18 months. The Defendant realizes that the 12-18 months must run consecutive to the two years mandatory minimum as stated above. The Court has the discretion to go downward and the Defendant would ask for this downward departure. The Sentencing Guidelines creates a look at certain characteristics which

should be evaluated. The Offense was clearly non-violent and a downward departure would not reduce the seriousness of the offense. This offense was a financial crime and the Defendant can not make the restitution that the victim needs by more time in jail. The sooner the Defendant can serve out then the quicker the victim can get their money back.

## **CONCLUSION**

Looking at the entire picture of the above case, the Defendant understands that due to the voice of jury that the Defendant is not eligible for probation or any form of alternative sentencing. This is tragic since the Defendant is an outstanding citizen. She is an excellent candidate for probation if it was on the table. She has taken a big step in the wrong direction.

Seeing so, the Court is well aware that under the case of United States v. Booker, the Federal Sentencing Guidelines are advisory. First, the Defendant asks that Counts 14-16.Aggravated Identity Theft be run concurrent with each other for a total of 2 years. At that point, the other convictions must run consecutive to the above mentioned Counts. The Defendant asks this Honorable Court that due to her lack of criminal history that she be sentence to one (1) day on the other charges for a total sentence of two (2) years and a day. This allows for adequate punishment for the crimes of which she was convicted. These crimes were non-violent and she has tried to make restitution. The Defendant asks that this Honorable Court follow the analysis outlined in this Memorandum.

                                                  Respectfully submitted,

                                                  /s/ Matthew J. Warnock
                                                  Warnock & Warnock
                                                  P.O. Box 617
                                                  Greenup, KY 41144

CERTIFICATION

    It is hereby certified that a true and accurate copy of the above Sentencing Memorandum was electronically mailed this 15th day of June, 2009 to:

Hon. Alamdat Hamdani
Assistant United States Attorney

                                                     /s/ Matthew J. Warnock
                                                    Matthew J. Warnock